UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX QUINTANA, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 1:19-cv-00814-DAD-EPG (SS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 15, 26) |

Plaintiff Alex Quitana, Jr., proceeding *in forma pauperis* brings an action seeking judicial review of the Commissioner of Social Security's final decision denying plaintiff's application for benefits under the Social Security Act. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 4, 2020, the assigned magistrate judge entered findings and recommendations recommending that plaintiff's motion for summary judgment be granted in part and denied in part and the Commissioner's determination be reversed and the action be remanded for further administrative proceedings. (Doc. No. 26.) The findings and recommendations were served on the parties and contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days from the date of service. On November 18, 2020, the Commissioner timely filed his objections. (Doc. No. 28.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including the Commissioner's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

## ANALYSIS

In his objections, the Commissioner asserts the pending findings and recommendations should not be adopted because (1) substantial evidence supports the Administrative Law Judge's ("ALJ") evaluation of the medical opinions of Dr. Aguilar, plaintiff's treating doctor, and Dr. Katzenberg, plaintiff's examining doctor; and (2) substantial evidence supports the ALJ's evaluation of plaintiff's subjective disability symptoms.  (Doc. No. 28.)

**A.     The Medical Opinions of Dr. Aguilar and Dr. Katzenberg**

The Commissioner points to evidence that the ALJ weighed and asks this court to reconsider the pending findings and recommendations because, according to the Commissioner, the "record as a whole" support's the ALJ's findings.  (*Id.* at 2–5.)  These arguments are effectively the same as those originally raised by the Commissioner before the magistrate judge (Doc. No. 19); were fully addressed by the pending findings and recommendations; and fail to establish that the requisite high standard for rejecting a treating or examining doctor's opinions were met in this case.

The Ninth Circuit describes the standard used to evaluate the doctors' medical opinions as follows:  "[t]he medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (internal citations omitted); *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995), *as amended* (Apr. 9, 1996) (describing the same standard with respect to the opinion of an examining doctor.)  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  (*Id.*)

/////

1       As addressed in the pending findings and recommendations, the assigned magistrate judge
2  determined both Dr. Aguilar's and Dr. Katzenberg's opinions were contradicted by other doctors
3  in the record, and thus the relevant inquiry was whether the ALJ provided "specific and legitimate
4  reasons supported by substantial evidence for giving little weight" to the opinions of plaintiff's
5  treating and examining doctors.  (Doc. No. 26 at 2, 4.)  After reviewing the administrative
6  transcript and record, the parties' briefing, and holding a hearing, the assigned magistrate judge
7  determined that the ALJ failed to provide specific and legitimate reasons supported by substantial
8  evidence for disregarding those medical opinions.  (*Id.* at 4–6.)

9       The objections attempt to use the deference a reviewing court applies to a review of an
10 ALJ decision to override the requisite "substantial evidence" showing needed to disregard the
11 medical opinions of treating and examining doctors.  (*See, e.g.*, *id.* at 3) ("Where there may be
12 more than one rational interpretation of the evidence, the ALJ's conclusion must be upheld."
13 *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)).  The objections' main thrust is thus to
14 cast the evidence as being reasonably supportive of either affirming or reversing the ALJ's
15 decision, and on this basis, the Commissioner urges this reviewing court to defer to the ALJ's
16 determination.  However, the Ninth Circuit has made clear that "even if [the opinion of a treating
17 doctor is] contradicted by another doctor, [that opinion] can only be rejected for specific and
18 legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81
19 F.3d 821, 830–31 (9th Cir. 1995), *as amended* (Apr. 9, 1996) (citation and internal quotation
20 marks omitted.)  Thus, even accepting the Commissioner's argument—that there were rational
21 interpretations of the evidence in support of either affirming or reversing—this is not a basis upon
22 which to decline to adopt the findings and recommendations.  An ALJ may only reject the
23 medical opinion of examining and treating doctor based upon specific and legitimate reasons
24 supported by *substantial* evidence.  Therefore, the Commissioner has not made a showing or
25 provided a basis upon which the pending findings and recommendations should be rejected as to
26 the ALJ's treatment of the opinions of plaintiff's treating and examining doctors.
27 /////
28 /////

**B.      Plaintiff's Subjective Allegations of Disabling Symptoms**

The Commissioner again incorporates arguments that were previously rejected by the pending findings and recommendations. (Doc. No. 28 at 4–5.) Additionally, the objections repeat the argument that when there is evidence on both sides of an issue, that the ALJ's judgment should stand. (*See, e.g.*, Doc. No. 28 at 4) ("Moreover, '[i]f the evidence can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the Commissioner.' *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal punctuation and citation omitted).") This argument too misses the mark because it fails to address the relevant standard governing the resolution of the issue that is the subject of the objection. The Ninth Circuit employs a "clear and convincing reasons" standard when reviewing an ALJ's decision to reject a plaintiff's allegations of their symptoms. *See, e.g., Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014); *Chaudhry v. Astrue*, 688 F.3d 661, 670–71 (9th Cir. 2012). In his objections, the Commissioner presents no argument that this standard was met here, instead he argues only that the lower "substantial evidence" standard has been met.

Thus, the findings and recommendations correctly concluded that the ALJ erred[1] by not providing clear and convincing evidence for rejecting plaintiff's account of his symptoms. (Doc. No. 26 at 8.)

**CONCLUSION**

Accordingly,

1.    The findings and recommendations entered on November 4, 2020 (Doc. No. 26), are adopted in full;

---

[1] Furthermore, this error was compounded because the ALJ had incorrectly disregarded plaintiff's treating and examining doctors' medical opinions. Plaintiff's subjective allegations of his own disability were further incorrectly disregarded by the ALJ. According to the Social Security governing regulations, an ALJ must consider how consistent plaintiff's statements are with the objective medical evidence. 20 C.F.R. § 404.1529(c)(2). If a plaintiff's statements about their subjective symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence" then the ALJ can determine that they limit a plaintiff's capacity to work. 20 C.F.R. § 404.1529(c)(4).

2. Plaintiff's motion for summary judgment (Doc. No. 15) is granted in part and denied in part; and

3. The decision of the ALJ is reversed and this matter is remanded for further administrative proceedings consistent with the findings and recommendations and this order adopting them.

IT IS SO ORDERED.

Dated: __**August 17, 2021**__         /s/ Dale A. Drozd
                                        UNITED STATES DISTRICT JUDGE